760 January 28, 2026 No. 55

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL LEE SNEDEGAR, SR.,
*Defendant-Appellant.*

Lane County Circuit Court
24CR06182; A184312

Debra K. Vogt, Judge.

Submitted December 8, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna R. Johnson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for menacing constituting domestic violence, ORS 163.190. In his sole assignment of error, defendant claims that the trial court erred by denying his motion for a judgment of acquittal (MJOA). A person commits the crime of menacing, as charged here, when a person "intentionally attempts to place another person in fear of imminent serious physical injury." *Id.* Defendant argues that the evidence was legally insufficient to prove that he intended to place B, his stepfather, in fear of imminent serious physical injury. He raised the same issue in his MJOA in the trial court, so the claim of error is preserved. The state maintains that the trial court properly denied the MJOA. As explained below, we affirm.

On review of the denial of an MJOA, our task is to examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). What inferences may be drawn from particular evidence is a question of law. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004). Reasonable inferences are allowed, but "speculation and guesswork are not." *Id.*

Applying that standard of review, we agree with the state that the evidence was legally sufficient to go to the factfinder. A factfinder could find on this record that, while defendant was in the throes of a mental health crisis, he screamed at B and pointed a loaded firearm at him—and that he had previously threatened to shoot B. Defendant argues that the evidence was legally insufficient because, at trial, B testified that the gun was holstered, adamantly denied that defendant ever pointed it at him, and described defendant's verbal threats as directed at law enforcement or reflecting only defendant's suicidal ideation. That argument is unavailing. Regardless of how persuasive a fact finder might ultimately find the state's evidence, it was legally sufficient to prove the essential elements of the crime beyond a reasonable doubt. That is, it was legally sufficient to go

to the factfinder. The trial court did not err in denying the MJOA.

Affirmed.